DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on June 2, 2010, requesting that the Complaint be dismissed.
A case management conference was held September 28, 2010. Billie Giddens, President, and James A. Sallee, Secretary, participated for Plaintiff. Scott Norris, Legal Counsel, and Catherine Green, County Appraiser, appeared for Defendant. The parties asked for time to submit additional optional comments; the record closed November 5, 2010.
The initial Complaint filed May 19, 2010, mentioned two tax years: 2009-10 and 2010-11. Plaintiffs representative stated at the conference that the 2010-11 appeal was being withdrawn as premature. That year shall be dismissed by the court.
The following discussion applies to tax year 2009-10 only. This appeal concerns business personal property identified as Account P344481. For the January 1, 2009, assessment date, Defendant placed a total real market value (RMV) on the property of $26,500; Plaintiff claims that is excessive. No appeal was filed for that year with the Marion County Board of Property Tax Appeals (BOPTA).
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their business property. The first step in the appeal process is to a county *Page 2 
BOPTA. Taxpayers are required to file appeals with the appropriate county BOPTA by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to BOPTA. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3). That is the case with business personal property, such as that involved with this appeal.
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2009-10 tax year, Plaintiff's representatives stated they did not know that certain business assets were taxable by Defendant. They admitted they were unaware of the statutory *Page 3 
appeal process and timelines. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for that year.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of November 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or by handdelivery to: Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 daysafter the date of the Decision or this Decision becomes final and cannotbe changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon November 30, 2010. The Court filed and entered this documenton November 30, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.